IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY S. COOPER,

    Petitioner,

v.  Civil Action No. 5:16CV85
(STAMP)

PATRICK MIRANDY,
Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S MOTION FOR INFORMATION TO BE EXPUNGED,
AND DENYING PETITION'S MOTION TO APPOINT COUNSEL**

The petitioner, Randy S. Cooper, filed this pro se[1] petition under 28 U.S.C. § 2254 challenging decisions by the West Virginia Parole Board (the "Parole Board"). The case was referred to United States Magistrate Judge Robert W. Trumble. The respondent filed a motion for summary judgment, and the petitioner filed a motion for information to be expunged and a motion to appoint counsel. Magistrate Judge Trumble issued a report recommending that the respondent's motion be granted and that the petitioner's motions be denied. The petitioner filed timely objections to the report and recommendation.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I.  Background

On November 4, 1996, the petitioner entered a plea of guilty to first degree murder, for the murder of his sister, and was sentenced to life with mercy.  In his petition, the petitioner first argues that the retroactive application of West Virginia Code § 62-12-13(a)(5) (recodified at § 62-12-13(e)) violates the ex post facto provisions of Article 1, § 10 of the United States Constitution and Article III, § 3 of the West Virginia Constitution.  Second, the petitioner argues that he is entitled to be released on parole pursuant to West Virginia Code §§ 62-12-1 through 62-12-29 and the due process clause of the United States Constitution because he successfully completed the rehabilitation programs ordered by the Parole Board at the conclusion of his 2011 Parole Board hearing.  Third, the petitioner argues that the Parole Board denied him parole in August 2014 based on his positive Human Immunodeficiency Virus ("HIV") status, which was a discriminatory action in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12182.  Fourth, the petitioner argues that West Virginia Code § 62-12-13(a)(5) is unconstitutional because it subjects him to an increase in the punishment he would otherwise be required to serve on his life with mercy term of confinement.

The respondent filed a motion for summary judgment.  In the motion, the respondent first argues that the petitioner's first and fourth claims for relief are time barred under the Anti-Terrorism

2

and Effective Death Penalty Act of 1996 (the "AEDPA"), which establishes a one-year limitation period for filing any federal habeas corpus petition. The respondent also argues that, even if not untimely, the petitioner's contention that West Virginia Code § 62-12-13(e) violates ex post facto principles fails on the merits. Additionally, the respondent argues that, because there is no constitutional right to be released on parole, the petitioner's second claim that he is entitled to be released on parole is without merit. Lastly, the respondent argues that the petitioner's third claim has no merit because his medical condition was not considered as a factor in his denial of parole.

The petitioner filed a response in opposition to the respondent's motion for summary judgment. In response, the petitioner raises for the first time a number of issues that fall outside of the four corners of his petition. The petitioner also argues that the retroactive application of West Virginia Code § 62-12-13(e) violates both federal and state ex post facto laws because it creates a significant risk of increased punishment. The petitioner then contends that the decision of the West Virginia Supreme Court of Appeals in State ex rel. Carper v. West Virginia Parole Board, 509 S.E.2d 864 (W. Va. 1998), violates the separation of powers doctrine because it effectively rewrote § 62-12-13(e) by adding vague procedural safeguards in order to permit the statute to pass constitutional muster. Lastly, the petitioner argues that

3

he was wrongly denied parole based, at least in part, on the basis of his HIV condition, in violation of the ADA.

The respondent filed a reply to the petitioner's response in opposition. In reply, the respondent argues again that the petitioner's claims grounded on his 2011 probation proceedings are time-barred by the AEDPA's one-year statute of limitations. The respondent also contends that there is record evidence that the petitioner's parole denials were not based in any way on his HIV status.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, those findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

A. Constitutionality of West Virginia Code § 62-12-13(e)

The magistrate judge first addresses the claims regarding the constitutionality of West Virginia Code § 62-12-13(e). The magistrate judge cites Roller v. Gunn, 107 F.3d 227 (4th Cir.

1997), a case in which the United States Court of Appeals for the Fourth Circuit held that the ex post facto clause is not violated simply because a retroactive reduction in parole review frequency would "necessarily eliminate an opportunity for early release." Roller, 107 F.3d at 235. Rather, a court must inquire whether a retroactive reduction in parole review frequency creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." Id. (quoting Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995)).

The magistrate judge recognizes that the petitioner was convicted of first degree murder in 1996, at which time all state prisoners were entitled to annual parole consideration after becoming eligible for parole. The magistrate judge notes that, in 1997, the West Virginia Legislature amended the parole statute to permit the Parole Board to set off a prisoner's parole interview for up to three years for prisoners serving life with mercy sentences. The Parole Board began to apply the amended statute to all prisoners regardless of the date of their sentencing. In a challenge to the amended statute, the West Virginia Supreme Court of Appeals held that it is constitutional and does not violate the ex post facto clause of the West Virginia Constitution. See Carper, 509 S.E.2d at 866 (holding that the amended statute "may be applied retroactively to prisoners whose relevant offenses occurred prior to the effective date of the statutory amendment").

5

On de novo review, this Court agrees with the magistrate judge that, when viewed within the context of West Virginia's parole regulations, the statute does not facially increase the petitioner's likelihood of punishment. The petitioner's likelihood of punishment does not increase because (1) the statute does not change the length of the sentence in any way; (2) the statute does not affect the timing of the initial parole consideration, only of subsequent parole consideration dates; and (3) the 1997 amendment does not deny the Parole Board the ability to review or grant parole at any time after parole is initially denied for any inmate serving a life sentence. This Court notes that, under Carper, the Parole Board must demonstrate that its decision to deny an inmate parole review for longer than one year will not work to the "detriment or disadvantage" of the inmate. Carper, 509 S.E.2d at 871. Thus, the magistrate judge is correct that the amended statute simply permits less frequent parole reconsideration dates in situations in which the Parole Board determines that more frequent consideration is unnecessary.

The petitioner also claims that the Parole Board did not comply with the requirements of Carper. In Carper, the West Virginia Supreme Court of Appeals held that the amended statute "must be applied on a case-by-case basis to prisoners whose offenses occurred at a time when the law prescribed annual parole review." Id. at 871. The magistrate judge concluded that this

6

claim rests solely upon alleged violations of state law, and that claims of state law violations are not cognizable by federal courts. See Weeks v. Angelone, 176 F.3d 249, 262 (1999) ("[W]hen a petitioner's claim rests solely upon an interpretation of state law case law and statutes, it is not cognizable on federal habeas review."). On de novo review, this Court finds that the magistrate judge is correct that this claim is not cognizable in this Court.

B. Due Process Claim

Next, the magistrate judge addresses the claim regarding whether the due process clause entitles the petitioner to be released on parole because he successfully completed all of the rehabilitation programs ordered by the Parole Board. The magistrate judge notes that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Smith v. Liller, 314 F. Supp. 2d 623, 629 (N.D. W. Va. 2004) (quoting Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979)). Rather, a state's parole system must simply provide appropriate avenues for review pursuant to federal due process. See id. ("If a state has a parole system, the parole procedures must meet the due process requirements of the constitution.").

On de novo review, this Court agrees with the magistrate judge that the petitioner's only right regarding parole is that the Parole Board consider him for parole and decide his case in a

7

manner that is not arbitrary or capricious. The magistrate judge correctly notes that the petitioner makes no allegation that the Parole Board acted in an arbitrary or capricious manner. In his objections to the report and recommendation, the petitioner argues that his positive factors make him a good candidate for parole. Specifically, the petitioner points to the fact that he has completed numerous educational and vocational classes, maintained employment, and been write-up free for eight years.

Despite the petitioner's objections, this Court agrees with the magistrate judge that, according to the record, the Parole Board interviewed the petitioner, reviewed his file, and considered the positive and negative factors, including his completion of the rehabilitation programs. Thus, this Court finds that the petitioner cannot show that the denial of parole was based on an unreasonable determination of the facts in light of the evidence presented.

C. <u>Consideration of Positive HIV Status</u>

Lastly, the magistrate judge addresses the petitioner's claim that the Parole Board denied him parole based on his positive HIV status and that the denial violated the ADA. "[T]he ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability." <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002). However, the ADA "does not categorically bar a state parole board from making an

individualized assessment of the future dangerousness of an inmate by taking into account the inmate's disability." Id. at 898 n.4.

On de novo review, this Court agrees with the magistrate judge that there is no evidence that the Parole Board considered the petitioner's HIV status when it denied him parole in August 2014. In his objections to the report and recommendation, the petitioner contends that a report from the Huttonsville Correctional Center describing his HIV condition was used by the Parole Board in making their decision, and that the respondent made discriminatory statements about people with HIV. However, according to the transcript of the parole interview, the petitioner's HIV status was not discussed or even mentioned at the interview. Thus, this Court finds that this claim has no merit.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 42) is AFFIRMED AND ADOPTED. Accordingly, the respondent's motion for summary judgment (ECF No. 29) is GRANTED, the petitioner's motion for information to be expunged (ECF No. 38) is DENIED, the petitioner's motion to appoint counsel (ECF No. 39) is DENIED, and the petitioner's objections to the report and recommendation (ECF No. 44) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 12, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE